IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



**BROADWATER SEAFOOD, L.C.**

AND

**JAMES A. KELLY, IV**

        Plaintiffs,

v.                                         Civil Action No.: 2:16cv68

**BROADWATER OYSTER COMPANY, LLC**

Serve: Don M. Miles, Registered Agent
       21229 Seaside Road
       Cape Charles, VA 23310

AND

**DON M. MILES, II**
21229 Seaside Road
Cape Charles, VA 23310

AND

**TED NOWAKOWSKI, JR.**
4 South Lake Terrace
Rehoboth Beach, DE 19971

        Defendants.

## COMPLAINT

Plaintiffs, Broadwater Seafood, L.C., and James A. Kelly, IV, individually, (collectively, "Broadwater", or "Plaintiffs") by and though their attorneys, hereby bring this action against Broadwater Oyster Company, LLC, Don M. Miles, II, individually, and Ted Nowakowski, Jr., individually, (collectively, "Defendants"). Broadwater alleges, upon actual knowledge with

respect to itself and its own acts, and upon information and belief as to all other matters as follows:

## NATURE OF THE ACTION

1. This is an action for federal trademark infringement under 15 U.S.C. § 1114(1), trademark infringement, unfair competition, and false designation of origin under 15 U.S.C. § 1125(a), trademark infringement under Va. Code Ann. § 59.1-92.12, common law trademark infringement and unfair competition, and violation of the Anticybersquatting Consumer Protection Act under 15 U.S.C. § 1125(d).

## THE PARTIES

2. Plaintiff Broadwater is a Virginia Limited Liability Company, with a principal place of business located at 11183 Red Bank Road, Marionville, Virginia 23408. Plaintiff, James A. Kelly, IV is the sole owner of Broadwater Seafood, L.C.

3. Upon information and belief, defendant Broadwater Oyster Company, LLC ("Oyster Company") is a Virginia Limited Liability Company with a principal place of business located at 21229 Seaside Road, Cape Charles, Virginia 23310.

4. Upon information and belief, defendant Don M. Miles, II is the Registered Agent and an owner of Broadwater Oyster Company, LLC with an address of 21229 Seaside Road, Cape Charles, Virginia 23310.

5. Upon information and belief, defendant Ted Nowakowski, Jr. is an owner of Broadwater Oyster Company, LLC with an address of 4 South Lake Terrace, Rehoboth Beach, Delaware 19971.

## JURISDICTION AND VENUE

6. This action arises under the trademark laws of the United States, 15 U.S.C. §

2

1051 et seq., and involves federal trademark rights and federal Lanham Act violations. Federal question jurisdiction is conferred pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338.

7. Supplemental jurisdiction of the claims involving The Defendants' trademark infringement under Va. Code Ann. § 59.1 et seq., common law trademark infringement and unfair competition is conferred pursuant to 28 U.S.C. § 1367(a) because Plaintiff's state law and common law claims are so related to federal claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the Constitution of the United States.

8. This Court has personal jurisdiction over the Defendants because the Defendants transact business in Virginia, contract to supply goods or services within Virginia, engage in a persistent course of conduct in Virginia and expect, or should reasonably expect, their acts to have legal consequences in Virginia.

9. Venue is proper in the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims occurred in this District, a substantial part of the property that is the subject of this action is situated in this District, and the Defendants expect, or reasonably should expect, their acts to have legal consequences in this District.

## PLAINTIFFS' VALUABLE RIGHTS

10. Broadwater has been in the business of raising oysters in the Northampton County area of the Eastern Shore of Virginia and selling those oysters to seafood distributors and restaurants throughout the United States since 1988. Shortly thereafter, Broadwater also began marketing and selling clams to distributors and restaurants throughout the United States.

11. Plaintiff James A. Kelly, IV began using the mark BROADWATER® in 1992 and has been using the word "Broadwater" in his company's name, "Broadwater Seafood, L.C.," company logo, and branded oysters called "Broadwater Salts," since at least as early as 1990.

12. Since 1988, Plaintiff has expended substantial amounts of time, effort and money in developing, advertising and promoting its services and products under its business name, Broadwater Seafood, L.C., its mark BROADWATER® and company logo.

13. Broadwater formed a Limited Liability Company, Broadwater Seafood, L.C. in August of 1999. A copy of the business entity details from the Virginia State Corporation Commission is attached. (Ex. A.)

14. Broadwater is the owner of Federal U.S. Trademark Registration No. 4,599,641, registered in the United States Patent and Trademark Office ("USPTO") for the mark BROADWATER® for use in production, sales and distribution of oysters, shellstock, and oysters shucked for public consumption in commerce. This federal registration is valid, subsisting and incontestable. (Ex. B.)

15. Beginning as early as February of 2012, Broadwater created and began to operate a website located at <www.broadwaterseafood.com>, reflecting the use of the BROADWATER® mark. (Ex. C.)

16. As a result of Broadwater's long time reputation of providing superior oysters and clams and its continuous use of the BROADWATER® mark, the BROADWATER® mark has come to serve as a unique source identifier for goods and services emanating from Plaintiff.

## DEFENDANTS' INFRINGING ACTS

17. Notwithstanding Plaintiffs' well-established prior federal and common law rights in the BROADWATER® mark, Defendants adopted and use the mark BROADWATER (also referred to herein as the "Infringing Mark") in conjunction with the sale of oysters. Upon information and belief, Defendant Broadwater Oyster Company purports to offer goods and services in connection with the Infringing Mark in competition with Broadwater.

18. Beginning in July of 2010, Defendants began to operate a website located at <www.broadwateroysters.com>. (Ex. D.)

19. On or around December 3, 2010, Defendant Miles formed a Limited Liability Company, Broadwater Oyster Company, LLC. (Ex. E.)

20. By a letter dated November 12, 2015, sent via certified mail, Broadwater provided written notice of Plaintiffs' rights to the BROADWATER® mark and demanded that Defendants immediately cease and desist from any use of the Infringing Mark. (Ex. F.). After receipt of that letter, Defendants have continued to use the Infringing Mark in direct competition with Broadwater.

21. Defendants' adoption and use of the Infringing Mark has caused documented instances of confusion, mistake or deception as to source, association, affiliation or sponsorship of its goods and services, and is likely to cause further confusion, mistake or deception as to source, association, affiliation or sponsorship of its goods and services. Specifically, customers in the United States who encounter Defendants' goods and services are likely to mistakenly believe that such goods and services emanate from, are related to or are otherwise authorized, sponsored or endorsed by Plaintiffs.

22. All such conduct by Defendants was and continues to be in bad faith, willful,

deliberate and in knowing violation of the law.

23. Upon information and belief, Defendants will continue their tortious acts unless restrained by this Court.

## COUNT I

## INFRINGEMENT OF A FEDERALLY REGISTERED MARK
## (ALL DEFENDANTS)

24. The allegations of paragraphs 1 through 23 are incorporated herein by reference as though fully set forth herein.

25. This cause of action arises under the trademark laws of the United States, 15 U.S.C. § 1114.

26. Defendants' use of the Infringing Marks in connection with its goods and services constitutes infringement of Broadwater's federally registered trademark, Registration No. 4,599,641 all in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

27. Defendants adopted and use the Infringing Mark in a willful attempt to copy Plaintiff's BROADWATER® mark and to trade on and injure the valuable good will and business reputation associated with the BROADWATER® mark.

28. Defendants' deliberate acts of federal trademark infringement have caused great injury and damage to Broadwater and Broadwater's goodwill, which injury and damage cannot be quantified adequately at this time.

29. As a result, Broadwater has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT II

## FEDERAL UNFAIR COMPETITION
## AND FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT
## (ALL DEFENDANTS)

30. The allegations of paragraphs 1 through 29 are incorporated herein by reference as though fully set forth herein.

31. This cause of action arises under the trademark laws of the United States, 15 U.S.C.§ 1125(a).

32. Defendants have adopted and are now using colorable imitations of Plaintiffs' BROADWATER® mark for goods and services that are substantially similar, if not identical, to those offered by Broadwater.

33. Defendants' use of colorable imitations of Plaintiffs' mark in connection with Defendants' directly competing goods and services has caused and will cause customers and potential customers to mistakenly attribute the properties and reputation of Plaintiff's goods and services to those of the Defendants.

34. Plaintiff has no control over the quality of goods and services advertised, offered and sold by Defendants under the Infringing Marks, with the result that Plaintiffs' valuable reputation and good will with respect to its BROADWATER® mark will be injured irreparably by the acts of Defendants complained of herein.

35. Defendants' use of the Infringing Mark in connection with its goods and services constitutes false designation of origin and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a),

36. Defendants' deliberate acts of false designation of origin and unfair competition

have caused great injury and damage to Broadwater and Broadwater's goodwill, which injury and damage cannot be quantified adequately at this time.

37. As a result, Broadwater has suffered and continues to suffer irreparable injury, for which it has have no adequate remedy at law.

## COUNT III
## VIOLATION OF THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (ALL DEFENDANTS)

38. The allegations of paragraphs 1 through 37 are incorporated as if fully alleged herein.

39. The <broadwateroysters.com> domain name is confusingly similar to Plaintiffs' BROADWATER® mark because, inter alia, the terms Broadwater Seafood and Broadwater Oyster Company are confusingly similar in sound, sign and meaning.
Both companies sell oysters and other shellfish. As such, the term "oyster" does nothing to distinguish the <broadwateroysters.com> domain name from Plaintiffs' well known BROADWATER® mark and its related domain name <broadwaterseafood.com>.

40. Upon information and belief, the BROADWATER® mark was registered with the USPTO and was entitled to full protection under the Lanham Act at the time Defendants registered and/or began using the <broadwateroysters.com> domain name.

41. Neither Defendant has rights in the BROADWATER® mark, or in any similar marks, logos, or source indicia, that predate Plaintiffs' first use in commerce of the BROADWATER® mark.

42. Upon information and belief, neither Defendant was known as or doing business as "Broadwater Oyster" prior to the registration of the <broadwateroysters.com> domain name on or around July 22, 2010.

43. Upon information and belief, Defendants registered the <broadwateroysters.com> domain name with a bad faith intent to profit thereby.

44. Upon information and belief, Defendants have used and are using the <broadwateroysters.com> domain name with a bad faith intent to profit thereby.

45. Defendants' bad faith is evidenced, inter alia, by: registration of a domain name that incorporates the term BROADWATER that is confusingly similar to Plaintiffs' own BROADWATER® mark; Defendants' actual and constructive notice of Plaintiffs' continuous and exclusive use of the BROADWATER® mark in connection with Defendants' refusal to cease and desist using the <broadwateroysters.com> domain name despite Plaintiffs' demand that it do so.

46. Defendants' unlawful conduct constitutes cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

47. Defendants' deliberate acts of cybersquatting have caused great injury and damage to Broadwater and Broadwater's goodwill, which injury and damage cannot be quantified adequately at this time.

48. As a result, Broadwater has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT IV
## UNFAIR COMPETITION
## (ALL DEFENDANTS)

49. The allegations of paragraphs 1 through 48 are incorporated herein by reference as though fully set forth herein.

50. This cause of action arises under the common law.

51. Defendants' aforementioned conduct constitutes unfair competition pursuant to the laws of the Commonwealth of Virginia.

52. Defendants' acts of unfair competition are likely to cause and/or have caused confusion, mistake and/or deception among consumers, potential consumers, the trade or the public.

53. Defendants' deliberate acts of unfair competition have caused great injury and damage to Broadwater and Broadwater's goodwill, which injury and damage cannot be quantified adequately at this time.

54. As a result, Broadwater has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests relief from the Court as follows:

1. That each Defendant, its agents, officers, sales representatives, servants, employees, associates, attorneys, successors and assigns, and any and all persons or entities acting by, through, under or in active concert or in participation with any or all of them, be enjoined preliminarily and permanently by Order of this Court from doing, abiding, causing or abetting any of the following:

(a) directly or indirectly infringing Plaintiffs BROADWATER® mark;

(b) from passing off, inducing or enabling others to sell or pass off, any of Defendant's goods or services as originating from Plaintiffs, or sponsored, approved, or authorized by Plaintiffs;

(c) using the infringing domain name, <broadwateroyster.com>;

(d) directly or indirectly engaging in any acts or activities calculated to trade upon

Plaintiffs' BROADWATER® mark, and/or the reputation or good will of Plaintiff, or in any manner to compete with Plaintiff unfairly;

(e) using the BROADWATER® mark in the sale, offer for sale, promotion, advertising, marketing and/or distribution of Defendants' goods or services, or any mark which is a variant of, simulates, is a colorable imitation of, or imitates Plaintiffs' BROADWATER® mark, in a manner that is likely to deceive, falsely describe or misrepresent the source of Defendants' goods or services and thereby create confusion among the purchasing public or the trade;

(f) further violating Plaintiffs' property rights and good will; and,

(g) from otherwise competing unfairly with Plaintiffs in any manner whatsoever.

2. That Defendant Broadwater be required to modify its promotional materials, apparel, advertisements, signage, menus, packaging, labeling and other communications to the public in the possession or under its control bearing thereon any material or representations to remove the infringing Plaintiffs' BROADWATER® mark;

3. That Defendants take all necessary and appropriate steps to recall for destruction all advertising and other materials, including but not limited to signage, menus, advertising and promotion bearing Defendants' infringing BROADWATER or any colorable imitation of Plaintiffs' BROADWATER® mark, and that Defendants be required to remove such infringing marks from its website, promotional materials, advertisements and other writings;

4. That Defendants be required to transfer immediately to Plaintiffs the infringing domain name, <broadwateroysters.com>;

5. That Plaintiffs be awarded their actual damages and/or a disgorgement of Defendants' profits, direct and indirect, for Defendants' infringements in an amount to be determined at trial, to be increased to the maximum permitted by law;

6. That the Court award statutory damages to Plaintiffs pursuant to 15 U.S.C. §1117 (a), (b) and (d);

7. That the award of Plaintiffs' damages and/or Defendants' profits be trebled as a result of Defendants' willful and deliberate infringement of Plaintiffs' rights;

8. That the Court finds this case to be exceptional;

9. That the Court award Plaintiff its costs, including attorneys' fees, and an assessment of interest;

10. That the Court award damages to Plaintiffs on the common law cause of action;

11. That Defendants be directed to file with this Court and to serve on Plaintiffs' counsel within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction; and

12. That Plaintiffs be awarded such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues so triable.

...

Respectfully submitted,

BROADWATER SEAFOOD, L.C.
and JAMES A. KELLY, IV

By: _____
        Counsel

J. Matthew Haynes, Jr., Esquire (VSB#51007)
McCandlish Holton, PC
1111 East Main Street, Suite 2100
P.O. Box 796
Richmond, Virginia 23218
Telephone: (804) 775-3100
Facsimile: (804) 775-3800
mhaynes@lawmh.com
*Counsel for Broadwater Seafood, L.C.
and James A. Kelly, IV*